UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ALAN DEARMAN, | No. 2:21-cv-2412 TLN CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JULIE KAPLAN,[1] | |
| Respondent. | |

Petitioner is a California parolee proceeding pro se with an application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging Colusa County convictions for dissuading a witness and domestic battery. He claims the trial court violated the Fifth and Sixth Amendments by not permitting private counsel to represent petitioner at trial.

Petitioner was found guilty by a jury. On January 21, 2020, the trial court suspended imposition of sentence and placed plaintiff on probation for three years. ECF 15-1. Petitioner appealed, raising the same issues he does here. ECF No. 15-2. Petitioner sought review as to the Court of Appeal's denial of his claims in the California Supreme Court and the petition for review was denied. ECF 15-3 & 4.

---

[1] Julie Kaplan, a "Parole Administrator" in San Jose, is hereby substituted as the respondent in this action pursuant to Rule 2 of the Rules Governing Section 2254 Cases as she is the state officer having custody of petitioner.

1

Before completion of petitioner's appeal, his probation was revoked and petitioner was sentenced to three years imprisonment. ECF No. 15-5. Petitioner appealed the revocation of his probation and sentence and that appeal is still pending. ECF No. 15-6.

Respondent has filed a motion to dismiss. Respondent asserts that "[i]t is premature for this Court to review Petitioner's petition because the appeal of the judgment he is challenging is currently pending." Respondent suggests that the court abstain from addressing petitioner's claims pursuant to Younger v. Harris, 401 U.S. 37, 45-46 (1971).

However, in this action petitioner is not challenging the revocation of his probation or the imposition of a term of three years' imprisonment. Rather, he challenges the convictions themselves, which appear to be final; the challenges were already presented to and rejected by California's courts. Thus, there does not appear to be a reason to abstain from addressing petitioner's claims.

In response to respondent's motion to dismiss, petitioner filed a motion asking that the court stay this matter so he can exhaust state court remedies with respect to unidentified claims. As petitioner does not identify the claims, the court cannot ascertain if a stay is warranted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be denied;

2. Petitioner's motion for a stay (ECF No. 18) be denied; and

3. Respondent be directed to file an answer concerning the claims appearing in petitioner's application for a writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////

/////

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  Dated:  May 2, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dear2412.frs