UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ALAN DEARMAN,<br><br>  Petitioner,<br><br>  v.<br><br>JULIE KAPLAN,<br><br>  Respondent. | No. 2:21-cv-2412 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

　　Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Following a Colusa County jury trial, petitioner was found guilty of dissuading a witness and domestic battery.  On January 21, 2020, petitioner was placed on probation for three years.  ECF No. 15-1.

　　Petitioner claims the trial court violated his Constitutional rights to due process and counsel by not continuing his trial to allow new, retained counsel to prepare for trial.  Because the continuance request was denied, petitioner had to proceed to trial with previously appointed counsel.  For the reasons which follow, the court will recommend that petitioner's petition for a writ of habeas corpus be denied.

I. Background

　　On direct appeal, the California Court of Appeal summarized the evidence presented at trial and other relevant facts as follows:

1

A detailed recitation of facts is not necessary to resolve the issue raised on appeal. It suffices to say that defendant argued with his girlfriend and grabbed her by the neck while she was driving. Following his arrest, he urged his girlfriend not to talk to the police and asked his mother to convince his girlfriend to retract her allegations.

Defendant was arraigned on September 25, 2018. At the hearing, he indicated his intent to hire an attorney and the trial court granted him additional time to do so. On October 17, defendant again requested more time to engage a private attorney, which the court permitted. On November 7, defendant appeared with private counsel Atwal, and pleaded not guilty.

The preliminary hearing was set for December 2018, but the trial court continued the date twice, first at Atwal's request and next at the parties' joint request. Defendant eventually waived his right to a preliminary hearing on May 15, 2019.

On June 19, 2019, Atwal withdrew as defendant's counsel and the trial court appointed Assistant Public Defender Albert Smith, continuing the hearing two weeks to allow Smith to review the case. On July 3, Smith asked for another continuance, which the trial court granted. On July 23, the court set trial for November 7, 2019.

On October 1, 2019, the trial court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 on defendant's request to substitute Smith with another public defender. Defendant asserted that Smith was not showing sufficient interest in his case and was unhappy that Smith advised him to plead guilty. The court denied the motion, finding there was not an irreconcilable conflict between them that would result in ineffective representation. Defendant then asked whether he could represent himself with an attorney on standby. The court instructed defendant to speak with his attorney before deciding to represent himself. Defendant did not raise the issue of self-representation with the trial court again.

Thereafter, defendant attended two trial readiness conferences, during which the matter was twice confirmed for trial on November 7, 2019. Defendant did not mention new counsel at either hearing. On the afternoon before trial, attorney Michael Rooney appeared at the pretrial hearing and announced he had been retained by defendant. Rooney asked the court to substitute him in as counsel of record, but admitted he was unaware that trial was set for the next day and was unprepared to conduct the trial, as he had been retained that day and had not received any discovery. The prosecution objected to continuing the trial at the last minute, arguing that defendant's request was a stalling tactic.

Noting it was the eve of trial, the trial court listed all of the prior hearing dates at which defendant was present, observing that defendant had been aware of the November 7, 2019, trial date since July and reminded of that date at least twice. The court said defendant "has done virtually everything in his power to not have this go to trial, and he does have the right to his own counsel, and he

2

has been given that opportunity for the last 13 months, and he has had every chance." "He does not have the right at the eve of trial to substitute in a private counsel when he has had opportunity."

Rooney responded that defendant might want to resolve the case with a plea, but that Rooney could not adequately advise him without reviewing discovery. He also explained that defendant initially asked to retain Rooney for a decreased retainer, which Rooney declined, and that defendant did not offer to pay him the full retainer until that morning. The trial court denied defendant's request to substitute counsel and continue the trial, finding no compelling circumstances supported his request. The court had "taken pains to make sure that [defendant] understands what's happening, and he has repeatedly rejected the offers and his bringing in someone at the last minute is, from this Court's' point of view, with the purpose of delaying or obstructing the trial." It noted defendant had "ample time" to choose an attorney, and the fact that he had initially retained Atwal demonstrated that defendant knew how to hire private counsel, and could have done so well before the trial date.

Defendant was tried by jury the following day. After the jury found him guilty of dissuading a witness and misdemeanor domestic battery, the trial court placed defendant on probation for 36 months.

ECF No. 15-2 at 2-4.

II. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 562 U.S. 1, 5 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.2d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Here, the only reasoned decision addressing petitioner's claim was issued by the California Court of Appeal. ECF No. 15-2.

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

III. Analysis

On direct appeal, the California Court of Appeal addressed petitioner's claim as follows:

> Defendant contends the trial court abused its discretion by violating

his constitutional rights to due process and counsel when it denied his motion to substitute counsel. While acknowledging his right to substitute counsel is not absolute, defendant maintains that he was diligent in seeking private counsel after the trial court denied his *Marsden* motion, while noting this was his first request for a trial continuance. He further asserts that the trial court denied his request without determining the length of continuance required, or whether a continuance would impact the availability of witnesses, evidence, or jurors needed for trial. Thus, defendant concludes that the trial court erroneously acted with a singular focus on preventing delay. We are not persuaded.

The constitutional rights of due process and effective assistance of counsel encompass a right to defend with privately retained counsel of one's own choice. (*United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 144; *People v. Courts* (1985) 37 Cal.3d 784, 789; *People v. Crovedi* (1966) 65 Cal.2d 199, 206-207.) Trial courts must make reasonable efforts to accommodate defendant's choice of retained counsel. (*Courts*, at p. 790, quoting *Crovedi*, at p. 207.) However, the right to defend with retained counsel is not absolute; it must be weighed against other values of substantial importance, such as that seeking to ensure orderly and expeditious judicial administration, with a view toward an accommodation reasonable under the facts of the particular case. (*Gonzalez-Lopez*, at p. 152; *Courts*, at pp. 790-791; *People v. Byoune* (1966) 65 Cal.2d 345, 346.) "A continuance may be denied if the accused is 'unjustifiably dilatory' in obtaining counsel, or 'if he arbitrarily chooses to substitute counsel at the time of trial.'" (Courts, at pp. 790-791.) "In deciding whether the trial court's denying a continuance was so arbitrary as to deny due process, this court 'looks to the circumstances of each case, "'particularly in the reasons presented to the trial judge at the time the request [was] denied.'"'" (*People v. Jeffers* (1987) 188 Cal.App.3d 840, 850.) The trial court's decision is reviewed for abuse of discretion. *(Ibid.)*

Although defendant is correct that the trial court did not make findings regarding the impact of the requested continuance or obtain details such as the length of time requested, the issue here is whether the severely delayed request for a discretionary change in counsel where proposed new counsel had not been told of the imminent trial date or received discovery even merited this type of detailed inquiry and findings in the first instance. Defendant presented no justification whatsoever for the delayed request to substitute counsel on the afternoon before trial. The trial court appointed Smith as his public defender in June, approximately four and a half months before trial. In July, defendant learned of his November 7, 2019, trial date. Defendant then requested a Marsden hearing on October 1, 2019, and although the trial court denied his motion, defendant did not indicate any intent to retain private counsel at that time, instead asking to represent himself but never following up on that request.

At the following two hearings, the trial court confirmed the November trial date, and again, defendant made no mention of his desire to retain counsel. Instead, defendant waited until the day before trial to retain Rooney, not only hiring him at the eleventh hour,

but also apparently failing to tell Rooney of the imminent trial date and arrange for him to obtain information about the case. Defendant then gave no explanation for the delay other than his initial effort to pay Rooney less than his requested rate. However, defendant did not provide evidence he was financially unable to retain counsel earlier. And as noted by the trial court, defendant was familiar with the process of hiring counsel as he had initially hired private counsel for his case. Thus, the record reflects no good faith, diligent efforts by defendant to retain private counsel before his trial date, and the court was within its discretion to deny the continuance. (See *People v. Jeffers*, *supra*, 188 Cal.App.3d at p. 850 [affirming trial court's denial of request to continue trial and substitute counsel where defendant made no good faith, diligent efforts to hire private counsel prior to trial and made no showing he was financially unable to retain counsel earlier].)

Further, where a defendant requests a continuance to substitute counsel on the eve or day of trial, the lateness of the continuance request is a "significant factor which justified a denial where there were no compelling circumstances to the contrary." (*People v. Courts*, *supra*, 37 Cal.3d at p. 792, fn. 4 [collecting cases].) Defendant here presented no compelling circumstances supporting his belated request; he simply preferred Rooney. However, Smith was prepared to preside over the trial the following day, and the trial court had recently found that Smith was effectively representing defendant. Rooney, on the other hand, had not reviewed any discovery, was unaware of the trial date, and admitted he was unprepared to conduct the trial the following day. The Sixth Amendment does not guarantee defendant a "meaningful relationship" with his counsel (*Morris v. Slappy* (1983) 461 U.S. 1, 14), and therefore, defendant's preference for one attorney over the other does not constitute compelling circumstances mandating a continuance.

Moreover, the trial court noted that defendant had obtained five continuances of various kinds throughout the proceedings, three at his request (though unopposed) and two stipulated. Viewing the history of this case and defendant's actions up until that point, including his lack of diligence in retaining counsel, the court perceived that he had made the request to substitute counsel "with the purpose of delaying or obstructing trial." We cannot say the trial court, who was in the best position to observe defendant and his counsel, came to this conclusion arbitrarily.

Finally, we note that the facts of this case render the case relied upon by defendant, *People v. Lopez* (2018) 22 Cal.App.5th 40, distinguishable. In *Lopez*, the appellate court held that the trial court erred when it denied the defendant's request to discharge his retained counsel and have counsel appointed or retain new counsel, finding the age of the case (two years) and fact the motion was made a week before trial did not justify the trial court's denial. (*Lopez*, at p. 48.) However, in Lopez, unlike here, the defendant requested the discharge before it was clear the case would proceed to trial. (*Ibid*.) The prosecutor in Lopez also did not oppose the continuance. (*Ibid*.) And crucially, "the trial court did not indicate it believed Lopez had

> improper motives in seeking to discharge his counsel and, if anything, the record suggests the contrary. Lopez was clearly unsure whether to accept the prosecution's offer, and previous continuances were granted based on [Lopez's attorney's] difficulties in meeting with him." (*Ibid*.)  Here, by contrast, defendant had been aware of the trial date for months and was effectively represented by Smith, the prosecution opposed the request, and the trial court found defendant's belated request was for the purposes of delay and obstruction.
>
> We find no abuse of discretion.

ECF No. 15-2 at 4-7.

First, the court finds that the Court of Appeal's decision that it was not a violation of petitioner's Constitutional rights to deny petitioner a continuance of trial so that retained counsel could prepare for trial is not "contrary to, or involve[s] an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. To establish a violation based on the denial of a motion to continue trial, petitioner must show that the trial court abused its discretion through an "unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" Morris v. Slappy, 461 U.S. 1, 11–12 (1983) (citing Ungar v. Sarafite, 376 U.S. 575, 589 (1964)).  The burden of "assembling . . . witnesses, lawyers, and jurors at the same place at the same time . . . counsels against continuances except for compelling reasons." Morris, 461 U.S. at 11.  A continuance need not be granted in response to a ploy for delay. Id. at 13.  Nothing in the Court of Appeal's decision runs afoul of any of the principles identified above from Morris or any other Supreme Court precedent.

Second, there is nothing before the court suggesting, and petitioner does not allege, that that the Court of Appeal's decision is based on an unreasonable determination of the facts.

For these reasons, petitioner is precluded from obtaining habeas corpus relief by 28 U.S.C. § 2254(d).

IV. Conclusion

For all of the foregoing reasons, the court will recommend that petitioner's petition for a writ of habeas corpus be denied, and this case be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus be denied; and

      2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 1, 2023

                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

[1] dear2412.157